UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES M. SCARBOUROUGH,

      Plaintiff,

           v.                              CAUSE NO. 3:22-CV-565-DRL-JEM

LIAW *et al.*,

      Defendants.

OPINION AND ORDER

James M. Scarbourough, a prisoner without a lawyer, filed a complaint against six defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Scarbourough alleges that from January 2, 2021 through April 7, 2022, the defendants provided him with inadequate medical care for his medical condition called rectal prolapse. ECF 1 at 3-5. He submitted multiple healthcare requests asking for treatment, but Dr. Liaw, N.P. Patal, and M.D. Livers would not provide him with appropriate care. *Id*. at 4; ECF 1-1 at 1-29. Mr. Scarbourough asserts that because these defendants did not take his medical condition seriously, it worsened over the course of a

year, causing him to have major surgery. ECF 1 at 3, 4. He contends that Ofc. Cunningham informed the medical staff about his condition and his condition is recorded in the Indiana Department of Correction's state logbook in his dorm. *Id*. at 3.

Mr. Scarbourough asserts that, on April 30, 2021, he was sent to the prison's infirmary because he was losing blood. *Id*. at 5. Several days later, on May 3, N.P. Patal ordered an x-ray, which showed there was nothing medically wrong. *Id*. He contends, however, that he should have been treated by a physician and this lack of treatment constitutes deliberate indifference on the part of the defendants. *Id*.

On August 20, 2021, Mr. Scarbourough states MHP Copeland called a signal because he "could not get his insides to go back in." *Id*. at 4. He was sent to the medical unit and waited seven hours to see Dr. Liaw. *Id*. After Dr. Liaw examined Mr. Scarbourough, he sent him back to his dorm. *Id*. He asserts that Dr. Liaw and the defendants were deliberately indifferent to his medical condition because he should have been sent to the hospital. *Id*.

On May 30, 2022, Mr. Scarbourough underwent surgery for his rectal prolapse. ECF 1-1 at 28. Following the surgery, Dr. Liaw and M.D. Livers would not allow Mr. Scarbourough to have the pain medication prescribed by his surgeon. ECF 1 at 4-5. Instead, they wrote their own prescription for pain medication and did not follow the surgeon's post-surgical orders. *Id*. at 5. Mr. Scarbourough asserts the actions of Dr. Liaw and M.D. Livers amount to deliberate indifference, which violated his Eighth Amendment rights to receive constitutionally adequate medical care. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotations and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle*,

429 U.S. at 106 (negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

The complaint is short on facts, dates, and specifics about the medical treatment Mr. Scarbourough received for his rectal prolapse. Based on what it does say, it is not plausible to infer that he is not receiving constitutionally adequate medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis original).

4

Though Mr. Scarbourough's complaint does not state a claim for which relief can be granted, if he believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS James M. Scarbourough until **June 12, 2023**, to file an amended complaint; and

(2) CAUTIONS James M. Scarbourough if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 15, 2023                                 *s/ Damon R. Leichty*
                                                 Judge, United States District Court