UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES M. SCARBOUROUGH,

 Plaintiff,

 v.          CAUSE NO. 3:22-CV-565-DRL-JEM

LIAW *et al.*,

 Defendants.

OPINION AND ORDER

 James M. Scarbourough, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 against three defendants. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

 Mr. Scarbourough alleges that from January 2, 2021 through April 7, 2022, Dr. Liaw, Nurse Dorothy Livers, and Nurse P. Patal provided him with inadequate medical care for his medical condition that was eventually diagnosed as rectal prolapse. ECF 11 at 1-6. Initially, on February 12, 2021, he submitted a healthcare request form because he noticed blood in his stool a month earlier. *Id*. at 3. Because he did not receive a response

to his request, he submitted additional healthcare request forms and a prison nurse saw him in April 2021. *Id*.

In June 2021, Mr. Scarbourough submitted a healthcare request form because he was throwing up blood. *Id*. He submitted two additional healthcare request forms that month explaining he continued to have bloody stools and blood loss, his anus had prolapsed, and he struggled to get his anus back inside his body. *Id*. at 3-4. However, the medical staff would not see him and referred him to a healthcare request form where he had been told to increase his water intake. *Id*. at 4.

In July 2021, Mr. Scarbourough submitted five healthcare request forms. *Id*. at 3-4. On the forms, he noted he had stomach pain, bloody stools, rectal bleeding, and his anus had prolapsed. *Id*. In mid-July 2021, he was seen by medical staff who told him to increase his water intake, eat a bland diet, and not to strain while having a bowel movement. ECF 11-1 at 2, 7. Because his symptoms were not improving, Mr. Scarbourough submitted a healthcare request form on July 29, 2021 stating he "want[ed] to talk to someone that can do something to help me. I am afraid I am dying. I need to see someone ASAP." *Id*. at 9. Medical staff saw him that day and recommended he increase his water intake, reduce eating salty foods, and purchase fiber from the commissary. *Id*.

On August 20, 2021, Mr. Scarbourough was rushed to the prison's infirmary because he could not get his anus back inside of his body. ECF 11 at 5. A nurse referred him to see Dr. Liaw. *Id*. at 4. He waited seven hours to see Dr. Liaw and, after seeing Dr. Liaw, he was sent back to his housing unit instead of being sent to the hospital for treatment. *Id*. at 5.

On September 15, 2021, Mr. Scarbourough saw Dr. Liaw for his rectal issues. *Id*. After examining him, Dr. Liaw ordered a colonoscopy that was scheduled for October 2021. *Id*.; ECF 11-1 at 18. Mr. Scarbourough continued to have pain, blood loss, and bowel movement issues. ECF 11 at 5. He was seen by medical staff in November 2021 and February 2022, but his symptoms continued to worsen. ECF 11-1 at 16, 17.

In March 2022, Mr. Scarbourough had a colonoscopy. ECF 11 at 5. The doctor, who performed the procedure, indicated his rectal prolapse had worsened over time due to the lack of medical treatment and, as a result, he needed surgery to remove part of his colon. *Id*. On May 30, 2022, Mr. Scarbourough underwent rectal prolapse surgery. *Id*.

In sum, Mr. Scarbourough alleges that Dr. Liaw, Nurse Livers, and Nurse Patal were deliberately indifferent to his medical condition because they ignored his complaints and improperly delayed his medical treatment. *Id*. at 6. He asserts that Nurse Livers and Nurse Patal reviewed his healthcare request forms and denied his requests to be seen by medical staff, which exacerbated his condition. *Id*. at 4. Mr. Scarbourough avers that Dr. Liaw's decision not to send him to the hospital for treatment and his delay in ordering a colonoscopy caused his condition to worsen to the point where he required surgery. *Id*. at 5.

In medical cases, the Constitution is violated only when a defendant is deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir.

3

2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations, brackets, and citation omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

That said, "the Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted). "[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016).

Giving Mr. Scarbourough the inferences to which he is entitled at this stage of the proceedings, he has stated plausible claims for deliberate indifference against Dr. Liaw, Nurse Livers, and Nurse Patal for denying and delaying necessary medical treatment for his rectal prolapse from January 2, 2021 through April 7, 2022.

For these reasons, the court:

(1) GRANTS James M. Scarbourough leave to proceed against Dr. Liaw, Nurse Dorothy Livers, and Nurse P. Patal in their individual capacities for compensatory and punitive damages for denying and delaying necessary medical treatment for his rectal prolapse from January 2, 2021 through April 7, 2022, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Liaw, Nurse Dorothy Livers, and Nurse P. Patal at Centurion Health of Indiana, LLC, with a copy of this order and the amended complaint (ECF 11);

(4) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Liaw, Nurse Dorothy Livers, and Nurse P. Patal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 16, 2023                                                 *s/ Damon R. Leichty*
                                                                       Judge, United States District Court